UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-127(DSD/HB)

United States of America,

    Plaintiff,

v.     **ORDER**

Hassan Osman,

    Defendant.

This matter is before the court upon the motions for judgment of acquittal and new trial by defendant Hassan Osman. On September 21, 2017, a jury found Osman guilty of one count of conspiracy to aid and assist in the preparation and filing of false tax returns, thirteen counts of aiding and assisting in the preparation and filing of false tax returns, and one count of unlawful flight from persecution.[1]

**I. Motion for Judgment of Acquittal**

On a defendant's motion for acquittal, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012,

---

[1] The jury acquitted Osman of one count of aiding and assisting in the preparation and filing of tax returns.

1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted).

The court previously denied Osman's motion for acquittal holding that "the government offered evidence that was more than sufficient to sustain a conviction." ECF No. 108. Osman now moves again for acquittal arguing that the evidence was insufficient for the jury to convict him of conspiracy. First, he argues that the evidence at trial only showed that he joined the conspiracy in December 2008, which is later than the start of the conspiracy alleged in the Indictment.[2] He next argues that the evidence showed that there were multiple conspiracies, rather than a single conspiracy. Therefore, he contends, the jury could not have reasonably found him guilty of all the fraudulent tax returns furthered by the single conspiracy alleged in the Indictment.

The court is not persuaded. The evidence at trial was sufficient for the jury to find that a single conspiracy existed and that Osman knowingly joined that conspiracy. Further, the jury could reasonably hold Osman responsible for the entire scheme, even though he joined the conspiracy at a later time. See United States

---

[2] The Indictment alleged that the conspiracy began on or about January 2008.

v. Hoelscher, 914 F.2d 1527, 1534 (8th Cir. 1990) ("Once a person joins a conspiracy, ... he assumes full liability for the conspiracy even though he joined in later stages."). As a result, the court again denies Osman's motion for acquittal.

## II. Motion for New Trial

On the motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). The court has broad discretion to grant a new trial, but should do so "only sparingly and with caution." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004).

Osman argues that a new trial is appropriate because the court erred in sustaining the government's relevance objection, unfairly limiting defense counsel's ability to impeach government witness Christine Clausen, who was one of Osman's co-conspirators. The court disagrees.

At trial, Clausen, who pleaded guilty, testified about Osman's involvement in the scheme. On direct examination, the government inquired about her plea agreement, in which she agreed to cooperate with the government in return for the government's recommendation for a reduced sentence under U.S.S.G. § 5K1.1. On cross-examination, defense counsel further inquired into her plea agreement, but also began a line questioning concerning her sentencing hearing. The government objected as to relevance, and

3

the court properly sustained the objection.  The jury was given sufficient information to weigh Clausen's credibility, and eliciting testimony about her sentencing hearing was irrelevant. As a result, the court did not err, and a new trial is not appropriate.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for acquittal [ECF No. 110] is denied; and

2. Defendant's motion for new trial [ECF No. 109] is denied.


Dated: October 27, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
